This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. 35,809**

**ISHMEL NORMAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Benjamin Chavez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1} Defendant appeals from the district court's affirmance of the metropolitan court's conviction for driving while under the influence of intoxicating liquor (DWI). We issued a calendar notice proposing to affirm. In response, Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**Probable Cause**

{2} We turn first to Defendant's continued contention that Officer Brown lacked probable cause to arrest him based on the field sobriety tests conducted and other evidence. [DS 42, MIO 1] In this Court's notice of proposed disposition, we proposed to adopt the district court's memorandum opinion affirming the conviction. [CN 4]

{3} Defendant's memorandum in opposition raises no new arguments with respect to this issue apart from those that he made in his docketing statement [DS 42] and in the statement of the issues he filed with the district court in his on-record appeal [RP v.2/326-38]. In this Court's notice of proposed disposition, we proposed to adopt this portion of the district court's thorough and well-reasoned memorandum opinion in response to Defendant's arguments. [CN 4-5; *see also* RP v.2/348-50] In his memorandum in opposition, Defendant has failed to raise any new arguments or issues to convince us to reconsider our proposed adoption of the district court's memorandum opinion with respect to this issue. As such, all of the arguments in Defendant's memorandum in opposition with respect to this issue have been addressed by this Court in its notice of proposed disposition and/or the portion of the district

court's memorandum opinion this Court proposed to adopt in our notice of proposed disposition, and we refer Defendant to the responses therein. [*See* v.2/348–50] We therefore affirm.

**Foundational Challenge to Admission of Breath Card**

{4}     Defendant continues to argue that the district court abused its discretion by admitting the breath card without proper foundation because the State failed to demonstrate strict compliance with the SLD accuracy-ensuring regulations for radio frequency interference (RFI) testing. [MIO 3-5; DS 42] Our notice observed that strict compliance with the regulation was not required because the language of the regulation requires only that the instrument be evaluated for RFI interference, *see* 7.33.2.10 (B)(2)(b)(iii) NMAC, and further specifications are provided in the SOP. [RP v.2/209] As such, even though the plain language of the standard operating procedure (SOP) seems to require that a key operator test on multiple channels and multiple frequencies, we observed that it would be contrary to the spirit of the regulation to require a mechanistic adherence to every word of the SOP where technology has changed significantly since the 1980s, and evidence was presented that the frequency changes during the test even when a single channel is used. *See Martinez v. Cornejo*, 2009-NMCA-011, ¶ 11, 146 N.M. 223, 208 P.3d 443 (explaining that appellate courts "are permitted to depart from the plain meaning rule to avoid a formalistic and mechanical statutory construction that would be absurd, unreasonable,

3

or contrary to the spirit of the statute" (internal quotation marks and citation omitted)).

{5} In response, Defendant's memorandum in opposition makes two arguments. First, Defendant argues that even though Wayne DeChano (the Albuquerque Police Department (APD) key operator) explained his reasons for the way he conducts the testing, he did so "only superficially." [MIO 4] We remain unpersuaded. As our notice observed, [CN 7-8] Mr. DeChano agreed that the SOP outlined the method by which location RFI is to be checked. [RP v.2/346] Mr. DeChano explained that even though the plain language of the SOP requires him to test multiple channels and multiple frequencies, the SOP was written in the 1980s, when a single channel corresponded to a single frequency. [RP v.2/346; DS 34] He testified that current technology enables a single channel to capture multiple frequencies. [RP v.2/346; DS 34] Further, he testified that changing the channel would not necessarily change the frequency and that the frequencies change independently from the changing of the channel. [RP v.2/346] Because the test on the IR-8000 machine used to conduct Defendant's breath test showed that the machine properly responded to the RFI introduced by Mr. DeChano, Mr. DeChano testified that he complied with the SOP and the spirit of the guidelines. [RP v.2/346; DS 34] The aforementioned testimony was sufficiently detailed to permit the trial court to understand technology at the time the SOP was developed, as compared to the current state of technology. [CN 8] Additionally,

4

Defendant has not provided us with any authority to suggest that Mr. DeChano's testimony alone was insufficient. *State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists."). Defendant's memorandum in opposition further contends that "the APD procedures were different from the [Bernalillo County Sheriff's Office] procedures, which 'show how SLD procedures ought to be followed.' " [MIO 4] Defendant cites to no authority in support of his contention and does not specify how these procedures were different in any way; we decline to review this undeveloped argument. *See State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (explaining that appellate courts are under no obligation to review unclear or undeveloped arguments).

{6}     Defendant additionally argues that the machine was unreliable when Defendant's breath test was conducted because "the machine has a margin of error of .02, and the machine was checked several months before the date of [Defendant's] breath test[.]" [MIO 5] Again, Defendant provides no authority in support of his contention, and we decline to review this undeveloped argument. *See id.* To the extent Defendant generally attacks the breath alcohol test results on the basis that the results have some inherent uncertainty, we disagree. *See State v. Montoya*, 2016-NMCA-079, ¶¶ 13, 26-27, 382 P.3d 948 (holding that the defendants' general argument that their breath alcohol test "results [were] inadmissible due to principles of uncertainty

5

inherent to all systems of forensic measurement" could be argued to the jury and went to the weight rather than the admissibility of the evidence). We therefore affirm.

**Sufficiency of the Evidence**

{7}     Defendant's docketing statement contended that insufficient evidence was presented to support his conviction for per se DWI. Our notice proposed to affirm, observing that Defendant was challenging only the element requiring the State to prove that he had a breath alcohol concentration at or above 0.08 within three hours of driving. [CN 10] The breath test results in this case were admitted as 0.11 and 0.09, which was greater than 0.08, and our notice further observed that we perceived no foundational issue with the district court's admission of the breath card. In response, Defendant's memorandum in opposition advances no new arguments with respect to this issue. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (providing that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement). We therefore affirm.

{8}     Accordingly, for the reasons set forth in our notice of proposed disposition and detailed above, we affirm.

{9}     **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Chief Judge**

6

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**JULIE J. VARGAS, Judge**